UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DATHON R. WRIGHT,<br><br>      Petitioner,<br><br>      v.<br><br>KERIN T. BERGERON,<br><br>      Respondent. | CIVIL ACTION<br>No. 10-11192-WGY |

**MEMORANDUM AND ORDER**
**ON PETITION FOR WRIT OF HABEAS CORPUS**

YOUNG, D.J.                                                                 January 6, 2011

I. **INTRODUCTION**

On October 17, 2002, a Plymouth County grand jury indicted Dathon Wright ("Wright") on one count of murder in violation of Massachusetts General Laws chapter 265, section 1; one count of carrying a firearm without a license in violation of Massachusetts General Laws chapter 269, section 10(a); and one count of unlawful possession of a firearm with three prior violent drug crimes in violation of Massachusetts General Laws chapter 269, section 10G(c). Immediately before trial, on April 12, 2005, Wright pled guilty to carrying a firearm without a license. Before Associate Justice Linda Giles of the Massachusetts Superior Court, a jury convicted Wright of voluntary manslaughter. After the trial, Wright pled guilty to

the remaining firearm charge. Wright was sentenced to a minimum of ten years and a maximum of fifteen years on the voluntary manslaughter conviction, and to two concurrent fifteen year terms on the firearm charges.

Wright sought post-conviction relief from the trial judge, who denied his motion. He then appealed to the Massachusetts Appeals Court, which affirmed his conviction on May 29, 2009. Commonwealth v. Wright, No. 07-P-865, 2009 WL 1492262 (Mass. App. Ct. May 29, 2009). He filed an application for leave to obtain further appellate review in the Massachusetts Supreme Judicial Court; that application was denied on July 22, 2009. Commonwealth v. Wright, 454 Mass. 1108 (2009) (table).

Wright filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254 on July 16, 2010. He asserts the single claim that the evidence presented against him was not sufficient for a jury to find him guilty of involuntary manslaughter.

## II. FACTUAL BACKGROUND

At approximately two o'clock in the morning on July 21, 2002, a gunfight broke out in the parking lot outside Guido O'Shea's, a nightclub in Brockton, Massachusetts. Trial Tr. Vol. 1, 194-200. Three men were involved in that gunfight, each with his own weapon. Wright, 2009 WL 1492262, at *2. There was no evidence as to who fired the first shot or as to why the gunfight began. Id. Officer Ernest Bell ("Officer Bell") of the Brockton

Police witnessed the gunfight take place and saw an individual he later identified as Wright bobbing and weaving through the parking lot. Id. Officer Bell observed Wright take cover behind a certain vehicle several times. Trial Tr. vol. 1, 201.

At one point, Wright began running back toward the nightclub; Officer Bell observed him to be carrying a gun at this time. Id. at 204. Wright entered a car approximately eight feet from Officer Bell. Id. at 203. Officer Bell approached the vehicle, ordered Wright to exit it, and placed Wright under arrest. Id. at 204-05. A .38 caliber revolver was found in the car from which Wright was removed. Id. at 212. This weapon was operational at the time but was empty of ammunition. Id. vol. 2, 24-25. Five discharged shell casings were found inside the revolver. Id. at 22-24. The two other participants in the gunfight fled the scene but were later apprehended.

During the gunfight, Shawna Devine ("Devine") was shot while sitting in her car in the parking lot. It was the same car behind which Officer Bell had observed Wright taking cover. Id. vol. 1, 201. Police determined, based on the caliber of the bullet that killed Devine, that the fatal shot had not been fired by Wright. Id. vol. 2, 28-29.

## III. ANALYSIS

Wright advances a single argument in support of his petition for a writ of habeas corpus. He claims that there was not sufficient evidence for a rational jury to conclude that his acts

3

were the cause of Devine's death and that his conviction for voluntary manslaughter was therefore improper.

**A.   Legal Standard**

This Court may only grant a petition for habeas corpus relief if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law when it "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). Likewise, a state court decision is an "unreasonable application" of federal law when it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08.

In considering a claim based on sufficiency of the evidence on a petition for habeas corpus, this court must "determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 316, 318 (1979). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319.

## B. Sufficiency of the Evidence

Here, the Massachusetts Appeals Court applied the correct legal standard in assessing the sufficiency of the evidence against Wright. The court considered the evidence in the light most favorable to the prosecution and determined what facts a rational jury could have found. Wright, 2009 WL 1492262, at *2. Because the state court applied the correct legal rule to this case, that court's decision was not contrary to federal law.

Nor was the Appeals Court's decision an unreasonable application of federal law. The Supreme Judicial Court of Massachusetts has enumerated the elements the prosecution must prove beyond a reasonable doubt to sustain a charge for a homicide arising out of a gunfight:[1]

> [W]here the defendant chooses to engage in a gun battle with another with the intent to kill or do grievous bodily harm and a third party is killed, the defendant can be held

---

[1] In his memorandum in support of his petition for habeas corpus, Wright argues at length regarding the proper approach to liability for homicides that occur during gunfights. See Mem. Supp. § 2254 Habeas Petition, 5-12, ECF No. 9. Relying on an assortment of federal cases from a variety of district and circuit courts, and on a case from the Supreme Court of Iowa, he claims that a defendant can only be held liable for a death resulting from a shootout if the evidence showed that the defendant had aided and abetted or had participated in a joint venture with the person who fired the fatal shot. Id. at 9-11.
This argument addresses the substance of state criminal law and is irrelevant to the petition presently before this Court. Regardless of what the law regarding shootout liability may be under federal statutes or in other states, the Supreme Judicial Court has defined the elements necessary for shootout liability in Massachusetts. It is not the role of this Court to alter substantive state criminal law. This Court need only consider whether a rational jury could have found each of the elements enumerated by the Supreme Judicial Court.

> liable for the homicide even if it was the defendant's
> opponent who fired the fatal shot. Thus, the inability to
> prove who fired the fatal shot would not be ground for a
> directed verdict. . . . The defendant's act must be "a
> cause, which, in the natural and continuous sequence,
> produces the death, and without which the death would not
> have occurred."

Commonwealth v. Santiago, 425 Mass. 491, 503-04 (1997) (quoting Commonwealth v. Rhoades, 379 Mass. 810, 825 (1980)). The prosecution also "must prove beyond a reasonable doubt that the defendant was not acting in self-defense, [but] need not prove that the defendant fired the first shot." Id. at 503 (citation omitted).

Based on the evidence presented at trial, a rational jury could have found each element necessary to convict Wright of the voluntary manslaughter of Devine. First, based on Officer Bell's testimony that Wright was holding a gun and was bobbing and weaving behind cars in the parking lot, the jury reasonably could have concluded that Wright chose to take part in the gunfight. Second, the fact that Wright's revolver contained five discharged shell casings supports the reasonable conclusion that Wright had fired that weapon and had intended to kill or inflict grievous bodily injury while taking part in the gunfight. Third, Devine was shot during the gunfight and died shortly after, allowing the jury to conclude that she died as a result of the gunfight in which Wright was engaged.

Fourth, the evidence supports the rational conclusion that Wright's participation in the gunfight was both the proximate and factual cause of Devine's death. Officer Bell observed Wright hiding behind Devine's car, leading to the reasonable conclusion that gunfire was directed in the direction of Devine because of Wright's presence in that area. Likewise, as Devine was killed by a bullet fired during the gunfight, her death flowed naturally from Wright's actions in taking part in the shootout.

Finally, a rational jury could have concluded beyond a reasonable doubt that Wright was not acting in self-defense. No evidence was presented as to who fired the first shot. Wright was eventually apprehended after running back toward the nightclub, but because his gun was discovered to contain no more ammunition, a reasonable jury could have concluded that he was attempting to flea because he had run out of bullets, not because he had been defending himself and trying to escape. See Wright, 2009 WL 1492262, at *2.

Because a rational jury could have found each element necessary to convict Wright of voluntary manslaughter under the shootout theory enumerated by the Massachusetts Supreme Judicial Court, the Appeals Court's decision was not an unreasonable application of federal law.

## IV. CONCLUSION

For the foregoing reasons, Wright's petition for habeas corpus is DENIED without hearing.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE